Michael H. Steinberg (134179)
Diane L. McGimsey (234953)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
steinbergm@sullcrom.com
mcgimseyd@sullcrom.com

*Attorneys for Defendant Volkswagen Group of America, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY MOENIG,<br><br>        Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, also doing business as Volkswagen of America, Inc., and TAKATA CORPORATION, a Japan corporation, also doing business as TK Holdings, Inc.<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1331, 1441 and 1446, Defendant Volkswagen Group of America, Inc. ("VWGoA"), by and through its undersigned counsel, gives notice that it is removing the action entitled *Moenig* v. *Volkswagen Group of America, Inc., et al*, No. 34-2017-00211807, currently pending in the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California, on the ground that the United States District Court for the Eastern District of California has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## PROCEDURAL FACTS

1. On May 1, 2017, Plaintiff filed a complaint against VWGoA and Takata Corporation in the Superior Court of the State of California, County of Sacramento (the "Complaint") and a Summons was issued.

2. On May 9, 2017, Plaintiff personally served VWGoA's registered agent with a copy of the Summons and Complaint.[1]  This Notice is filed within 30 days of service of the complaint on the Defendant.  Therefore, the Notice is timely pursuant to 28 U.S.C. § 1446(b)(1).

3. On May 9, 2017, Plaintiff purported to serve Defendant Takata Corporation, a Japan corporation, by serving the registered agent for TK Holdings, Inc.

4. Defendant Takata Corporation ("Takata," and, with VWGoA, "Defendants") has informed counsel for VWGoA that Takata does not believe that it has been served properly in this action and therefore does not believe that its consent is necessary for removal.  *See* 28 U.S.C. 1446(b)(2).  However, should the

---

[1]  Copies of all process, pleadings and orders served on VWGoA's registered agent are attached hereto as Exhibit A.

-1-

1  Court find that Takata has been served properly, then Takata consents to this
2  removal.
3      5.   The Superior Court of California, County of Sacramento, is located
4  within the geographical boundaries of the United States District Court for the
5  Eastern District of California. *See* 28 U.S.C. § 118(a); 28 U.S.C. 1441(a).
6      6.   In accordance with 28 U.S.C. § 1446(d), contemporaneously with the
7  filing of this Notice of Removal, VWGoA has served Plaintiff with a copy of this
8  Notice of Removal, and has filed, together with a copy of the Notice of Removal
9  and supporting papers, a Notice of Removal with the Clerk of the Superior Court,
10 County of Sacramento, California.

## BACKGROUND FACTS

12     7.   Plaintiff's action is based on conclusory allegations concerning an
13 alleged defect in Plaintiff's 2009 Volkswagen CC Sport automobile. Plaintiff
14 alleges, based on a safety recall notice issued by VWGoA, that "the defect is a
15 safety issue related to the frontal airbag as manufactured by Takata." (Compl. at
16 3:4-5.) Plaintiff further alleges that she suffered damages due to the Defendants'
17 alleged "fail[ure] to disclose defects and fail[ure] to make necessary repairs." (*Id.*
18 at 7:5.)
19     8.   Plaintiff's Complaint contains four causes of action: (i) fraud,
20 (ii) misrepresentation, (iii) intentional infliction of emotional distress, and
21 (iv) economic loss. (Compl. at 6:16-9:3.)

## REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

23     9.   This Court has jurisdiction over this action, because it arises under
24 federal law within the meaning of 28 U.S.C. § 1331 and falls within the original
25 federal question jurisdiction of the federal courts.
26     10.  Federal question jurisdiction exists over state law claims where, as
27 here, "plaintiff's right to relief necessarily depends on resolution of a substantial
28 question of federal law." *Franchise Tax Bd. of Cal.* v. *Constr. Laborers Vacation*

-2-

*Trust for S. Cal.*, 463 U.S. 1, 28 (1983); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that a complaint alleging violations of state law may be removed to federal court under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

11. In this case, Plaintiff's claims for relief require determination of at least one substantial question of federal law arising under the National Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. § 30101 *et seq.* (the "Safety Act").

12. Plaintiff relies on the National Highway Traffic Safety Administration's ("NHTSA") safety recall of certain Takata-brand airbags (the "Takata Recall"), and notices of the Takata Recall issued by VWGoA to support her assertion that the vehicle was defective and unsafe at the time of purchase. (*See* Compl. at 2:25-3:2, 3:7-9, 5:7-9, 6:6-9.) Plaintiff's fraud claim specifically asserts that "Defendants failed to disclose [alleged] defects," and that, had she "known that [sic] vehicle was unsafe at the time of purchase . . . she would not have purchased the vehicle." (Compl. at 7:2-6.) Plaintiff's claims for misrepresentation, intentional infliction of emotional distress, and economic loss similarly rely on the existence of the Takata Recall to attempt to allege a defect in her 2009 Volkswagen CC Sport. (Compl. at 7:9-21, 7:26-27, 8:8-9.)

13. As Plaintiff acknowledges, the Takata Recall is the "largest" and most complex recall ever conducted by NHTSA. (Compl. at 5:15-16.) VWGoA's recall was instituted pursuant to the Safety Act and NHTSA regulations promulgated thereunder.

14. Accordingly, Plaintiff's allegation that the subject vehicle is defective implicates a substantial question of federal law regarding whether Plaintiff can "make a showing sufficient to establish the existence of an element essential to

[her] case, and on which [she] will bear the burden of proof at trial." *Cleveland* v. *Police Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Plaintiff alleges, in reliance on the mere fact that her vehicle is subject to the Takata Recall—which is administered by NHTSA and issued pursuant to the Safety Act—that the frontal airbag in her vehicle is defective. (*E.g.*, Compl. at 3:4-5.) Moreover, her claims for fraud, misrepresentation, intentional infliction of emotional distress, and economic loss all depend on the allegation the frontal airbag in her vehicle is defective. Accordingly, Plaintiff's ability to establish a *prima facie* case requires, *inter alia*, interpretation of the Safety Act—specifically, whether recalls issued pursuant to the Safety Act are sufficient to establish the existence of a defect in Plaintiff's vehicle at the time of the sale.

15. Where relief is "predicated upon a subject matter committed exclusively to federal jurisdiction," a federal court may properly exercise jurisdiction over the action. *Cal. ex rel. Lockyer* v. *Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (quoting *Sparta Surgical Corp.* v. *National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)). Moreover, "[i]f a claim appears to be federal in nature—that is, if it meets the applicable test for one that arises under federal law—then the federal court must re-characterize the complaint to reflect that reality and affirm the removal despite the [p]laintiffs' professed intent to pursue [] state-law claims." *Kleinerman* v. *Luxtron Corp.*, 107 F. Supp. 2d 122, 123 (D. Mass. 2000) (quoting *BIW Deceived* v. *Local S6 Ind. Union of Marine Shipbuilding Workers of Am. IAMAW Dist. Lodge 4*, 132 F.3d 824, 831 (1st Cir. 1997). Here, Plaintiff's claim for relief substantially involves the interpretation of a federal statute, which falls within the federal question jurisdiction of this Court. *Grable*, 545 U.S. 308 at 315 (holding that federal jurisdiction is warranted where "the meaning of the federal statute is . . . an essential element of [the] claim").

16. By filing this Notice of Removal, VWGoA does not waive, either expressly or impliedly, any defense, affirmative defense or motion that may be available, or concede that Plaintiff is entitled to any of the damages she claims.

17. This action is not a non-removable action under 28 U.S.C. § 1445.

WHEREFORE, Defendant VWGoA removes this action from the Superior Court in and for the County of Sacramento, California, to the United States District Court for the Eastern District of California.

Dated: June 8, 2017

/s/ Diane L. McGimsey
Michael H. Steinberg (134179)
Diane L. McGimsey (234953)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendant
Volkswagen Group of America, Inc.*

## **CERTIFICATE OF SERVICE**

I, Jodi L. Carr, declare:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is Sullivan & Cromwell, LLP, 1870 Embarcadero Road, Palo Alto, California 94303.

On June 8, 2017, I served a copy of the following document(s):

**NOTICE OF REMOVAL**

on the interested parties in this action by placing a copy of this document in an envelope addressed as follows:

Christopher J. Moenig
Antoine J. Bastien van der Meer
MOENIG LAW
520 9th Street, Suite 102
Sacramento, CA 95814

[X]   **BY OVERNIGHT DELIVERY:**  I deposited the documents described above in a sealed envelope, with a prepaid shipping label for express delivery and caused such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

[ ]   BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM:  In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(ies) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

[X]   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on June 8, 2017, at Palo Alto, California.

_Jodi L. Carr_
Jodi L. Carr